Haynes, J.
This action was commenced in Lucas County Common Pleas to enjoin the City of Toledo, its officers and agents, from issuing bonds, or making any payments to the defendants, the *204 Paving Co. and John R. Miller, for the work done in the improvement of Collingwood Avenue, the improvement being the paving of a portion of said avenue with Michigan granite boulder, put down so as to make what is known as “ Telford ” pavement.
The petition alleges as cause of action a variety of reasons why payment for the work done should not be made to said Paving Co. and Miller, who were the contractors under the city, and who did the work.
Upon this petition issues were joined by the defendants. The issues joined involved the payment of the whole amount of the contract price of the work.
The case was heard in the common pleas, and resulted in a judgment in favor of the defendants, except as to the sum of $1,980 damages, under the contract awarded against the defendants, Miller' and the Paving Co., for not completing the work at the time specified in the contract, and being the stipulated damages agreed upon in the contract; and as to that sum the city was enjoined from paying the same to the contractors, and they were enjoined from demanding or receiving said sumfrom the city.
Notice having been given to the city solicitor before the commencement of the suit that he under the statute bring suit to enjoin, and he having declined to do so, the suit was brought by the plaintiffs in behalf of the city, as tax-payers, and upon the decision being made by the court of common pleas, the plaintiffs asked the court that they be allowed their costs, including in such costs reasonable fees to their attorneys. The court made an order in regard to the ordinary costs, dividing them in certain proportions between the parties, but refused to allow any sum whatever on account of attorneys’ fees, as prayed.
Therefore, the plaintiffs and defendants each gave notice of appeal to the circuit court.
By a supplemental petition, filed in this court, the plaintiffs show that after the judgment and determination of this cause, *205 and before tbe filing of the bond for the appeal to this court by the Clailin Paving Co. and John R. Miller (none of the other parties appealing), the said Paving Co. and Miller demanded of the said city of Toledo the amount adjudged by the common pleas that the city might pay them on said contract, and thereupon the city did pay them said sum due them upon said contract, and all claims and demands made by them under said contract — except said sum of $1,980 so enjoined, and therefore plaintiff claimed the said Paving Co. and Miller were and should be forever estopped from demanding or claiming further amounts than the sums so received by them of the city.
After receiving said sum, said Paving Co. and Miller perfected their appeal to this court. Upon hearing, the facts set forth in the supplemental answer were duly proved.
Is the claim of the plaintiffs in this behalf well founded in the law ?
The issues in the common pleas involved the whole amount in controversy; the appeal when perfected by said defendants would, if allowed, open up the whole issues in the case. The whole contract price was some $58,000 the sum enjoined, and which they propose to litigate in this court, is but $1,980. Shall the defendants, after receiving and having, and still holding nearly the whole of the sum in controversy, be permitted to litigate as to the comparatively small matter of the requested damages for delay?
. We are of the opinion that the point made by the plaintiff in that respect is well taken, and that the contractors by accepting the amount as found for them in the court below, have elected to abide by the judgment of that court, and cannot now be heard in this court upon the issues as to the amount due them upon the contract in question. They claimed in the court the whole amount of the contract price; the court awarded the whole amount, less the $1,980, retained on account of the non-performance by them of the contract within the time stipulated in the contract. As to most of the issues *206 the court finds for them; upon this issue against them, and reduces the claim by that amount.
Doyle, Scott & Lewis, for plaintiffs in error.
W. H. A. Reed, Gity Solieitor, Kinney & Newton, Hamilton & Ford, for defendants in error.
“It seems to be well settled,” say the Court of Appeals of New York, “that a party by accepting a benefit under a judgment, precludes himself from subsequently appealing therefrom.”
See Carl v. Oakey, 97 N. Y. 633.
See also Tabler v. Wiseman, 2 Ohiq St. 208. In that case the defendant in error plead in bar of the’ writ that the plaintiff in error had received and still retained part of the money paid for the estate in the suit and in pursuance of the order of confirmation. The court say, p. 216 : “ We regard this as a sufficient waiver of the error. A .party ought not to be permitted voluntarily to take the benefits of a judgment, and then attempt to reverse it;” and this holding was approved in 5th Ohio St., pp. 317-318. .
We believe these cases good law, and directly applicable to the case before us, and for that reason the .appeal of the defendants will be dismissed at their costs in this court.
We suggest also that the estoppel should be mutual, and that therefore the plaintiffs should not be permitted to prosecute their suit for error in this case now pending in this court; that all issues must be deemed to be settled by the election of the parties to abide by that judgment — by the election of the contractors to take the money allowed them on the judgment, and by the election of these plaintiffs to hold them to that election, and thereby estop them from prosecuting their appeal, the practical result in our judgment being that it settles, as against the plaintiff, the question of the allowance of attorneys’ fees as claimed by them in the court below.
, [At a subsequent day in the term, application was made to dismiss the petition in error. After hearing had upon said application, the petition in error was dismissed for reasons above suggested.]